**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| HEIDI BALLARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20cv02530 |
| | § | |
| LINCOLN LIFE ASSURANCE | § | |
| COMPANY OF BOSTON, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant, Lincoln Life Assurance Company of Boston ("Defendant" or "Lincoln") hereby removes the Petition filed by Plaintiff Heidi Ballard ("Plaintiff") in the 284th District Court of Montgomery County, Texas, as this Court would have had original jurisdiction pursuant to 28 U.S.C. § 1331, in that this action involves claims that relate to the laws of the United States. In support of its Notice of Removal, Lincoln states as follows:

## FACTUAL BACKGROUND

Plaintiff filed a petition on June 25, 2020, in an action entitled *Heidi Ballard v. Lincoln Life Assurance Company of Boston*, in the 284th District Court of Montgomery County, Texas; Case No. 20-06-07486 (the "State Action"). Copies of Plaintiff's Petition and any other pleadings or orders on file in this action, and all documents required by Local Rule 81 are provided with the Index attached hereto. Defendant was served with process in the State Action through its registered agent on June 26, 2020, and this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b). Plaintiff requested a jury in the state court action. Defendant denies that trial by jury is available under ERISA. Defendant has not served any answer or responsive pleading to the Petition, nor made any appearance or argument before the State Court.

**GROUNDS FOR REMOVAL**

This action is removed to this Court on the ground that original jurisdiction exists pursuant to 28 U.S.C. § 1331, as this action involves claims that relate to the laws of the United States. Specifically, Plaintiff asserts claims for benefits allegedly due under a group life insurance policy ("Policy")[1] issued by Lincoln to PulteGroup, Inc. ("Pulte"). Lincoln issued the Policy pursuant to the PulteGroup, Inc. Life Benefit Plan ("Plan"), which provides certain benefits to employees of Pulte. In her Petition, Plaintiff specifically makes numerous references to the Policy.[2] However, a copy of the Policy was not attached to Plaintiff's Petition. Accordingly, a true and correct copy of the Policy and the SPD for the Plan are provided with the Index as Exhibit "3." The Plan, of which the Policy is a part, is an employee welfare benefits plan as defined by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003. An "employee benefit plan" is defined as an employee welfare benefit plan or an employee pension benefit plan. 29 U.S.C. § 1002(3). A plan is a welfare benefit plan if it "was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. § 1002(1) (references to other types of employer-provided benefits qualifying as ERISA plans omitted) (emphasis added).

As noted above, Plaintiff is seeking to recover life benefits (along with other damages) from the Plan under the Policy,[3] in which her spouse was a participant by virtue of his employment with Pulte. Although, Plaintiff asserts in her Petition that her claims "are brought solely under

---

1 Petition at ¶ 10.
2 Petition at ¶¶ 2, 6, 9, 13, 15, 20, 21, and 24.
3 Petition at ¶¶ 9-16, 21, 25, 29, and the "WHEREFORE" paragraph thereunder.

Texas law,"[4] the benefits sought by Plaintiff in the State Action are sought from the Plan under the Policy. Therefore, the Plan and an action for benefits from the Plan are governed by ERISA. The Court's analysis of Plaintiff's causes of action will necessarily require interpretation of this ERISA Plan, specifically, the Policy and the SPD. Because the preemptive force of ERISA is so powerful that it completely displaces any state law cause of action, Plaintiff's causes of action will be "recharacterized" as a federal claim under ERISA. Plaintiff's causes of action in the State Action are completely preempted by ERISA, as 29 U.S.C. § 1132 governs actions under ERISA and provides exclusive remedies for claims under an ERISA-regulated plan. *See also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). Accordingly, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a) as it is under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

As alternative grounds for removal, Defendant asserts that there is complete diversity of citizenship and the amount in controversy is more than $75,000, rendering this action under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1332. Specifically, Defendant is incorporated in New Hampshire and has its principal place of business in Radnor, Pennsylvania. Plaintiff, as alleged in the Petition, is a resident of Texas[5] and is asserting claims in excess of $75,000[6] by per Petition.

Venue is proper in this Court under 28 U.S.C. § 1391 as this action was pending in a state court within this district and division.

Concurrent with the filing of this Notice of Removal, Defendant has filed a Notice of Filing Notice of Removal with the Court in the State Action.

---

[4] Petition at ¶ 6.
[5] Petition at ¶ 2.
[6] Petition at ¶¶ 1 and 5.

The following is a list of counsel of record:

Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
S.D. of Texas No. 22781
Law Offices of Iwana Rademaekers, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
PH: (214) 579-9319
FX: (469) 444-6456
Email: iwana@rademaekerslaw.com

***Counsel for Defendant Lincoln Life Assurance Company of Boston***

Patrick M. Primavera
State Bar of Texas No. 00789559
Law Offices of Patrick Primavera
32731 Egypt Lane, Ste 704
Magnolia, Texas 77354
PH: (281) 259-4992
FX: (281) 259-4999
Email: Pat@PGLawGroup.com

***Counsel for Plaintiff Heidi Ballard***

Respectfully submitted,

By: /s/ Iwana Rademaekers
Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
S.D. of Texas No. 22781
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
PH: (214) 579-9319
FX: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing Pleading was forwarded by Electronic Mail and US Priority Mail, delivery confirmation requested, on the 17th day of July 2020 to the following Party:

***Counsel for Plaintiff Heidi Ballard***
Patrick M. Primavera
State Bar of Texas No. 00789559
Law Offices of Patrick Primavera
32731 Egypt Lane, Ste 704
Magnolia, Texas 77354
Email: Pat@PGLawGroup.com

/ s/ Iwana Rademaekers
Iwana Rademaekers

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| HEIDI BALLARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20cv02530 |
| | § | |
| LINCOLN LIFE ASSURANCE | § | |
| COMPANY OF BOSTON, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S INDEX OF DOCUMENTS FOR REMOVAL**

Exhibit 1 State Court Register of Actions

Exhibit 2 Documents served or filed in the state court action:

- Plaintiff's Original Petition and Requests for Disclosure
- Request for Service
- Citation
- Citation Return

Exhibit 3 Group Life Insurance Policy and Summary Plan Description