Received and E-Filed for Recor
6/25/2020 1:14 PI
Melisa Miller, District Cle
Montgomery County, Texa
Deputy Clerk, Kayla Adam

CAUSE NO. 20-06-07486

| | | |
|---|---|---|
| HEIDI BALLARD,<br>*Plaintiff,* | §<br>§<br>§ | IN THE DISTRICT COURT<br>**Montgomery County - 284th Judicial District Court** |
| v. | §<br>§ | _____ JUDICIAL DISTRICT |
| LINCOLN LIFE ASSURANCE COMPANY OF BOSTON,<br>*Defendant.* | §<br>§<br>§ | MONTGOMERY COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, HEIDI BALLARD, hereinafter referred to as "Plaintiff", complaining of LINCOLN LIFE ASSURANCE COMPANY OF BOSTON, hereinafter referred to as "Defendant" or "Lincoln", and hereby submits Plaintiff's Original Petition and Requests for Disclosure against Defendant, and for cause of action respectfully would show unto the Court as follows:

## I. DISCOVERY PLAN AND CLAIM FOR RELIEF

1. Plaintiff intends to conduct discovery under Level 2 pursuant to Rule 190 of the Texas Rules of Civil Procedure, and affirmatively pleads this suit is not governed by the expedited actions process in Rule 169 of the Texas Rules of Civil Procedure. Plaintiff seeks monetary relief over $100,000 but not more than $1,000,000.

## II. PARTIES

2. HEIDI BALLARD is an individual who is the sole beneficiary of a life insurance policy and the Plaintiff in this case. Ms. Ballard resides in Montgomery County Texas.

3. LINCOLN LIFE ASSURANCE COMPANY OF BOSTON is a foreign corporation organized and existing under the laws of the State of New Hampshire and having its principle place of business in New Hampshire. Said Defendant regularly conducts business



EXHIBIT
2

activities in the State of Texas of Texas such that said Defendant is subject to personal jurisdiction in the State and in State Court. Since Defendant regularly conducts business in the State of Texas, said Defendant can be served pursuant to Section 17.044 of the *Texas Civil Practice & Remedies Code* by serving its Registered Agent for Service, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## III. JURISDICTION AND VENUE

4. The subject matter in controversy is within the jurisdictional limits of this Court.

5. Plaintiff seeks monetary relief over $100,000 but not more than $1,000,000.

6. Plaintiff's claims are brought solely under Texas law, and Plaintiff does not bring any claims under any federal laws, statutes, or regulations. The damages suffered and sought to be recovered herein are in excess of the minimum jurisdictional limits of this Court. Defendant is subject to the *in personam* jurisdiction of the Court by virtue of the fact Defendant or Defendant's agents or assigns violated or breached a policy in whole or in part in this state against the Plaintiff, as more fully set forth herein.

7. Under §15.002 of the Texas Civil Practice & Remedies Code, venue is proper in Montgomery County, Texas because Montgomery County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

## IV. CONDITIONS PRECEDENT

8. All conditions precedent have been performed or have occurred in that Defendant received and repeatedly denied the claim upon presentment by the Plaintiff and Plaintiff has accordingly exhausted all administrative remedies and appeals.

## V. BACKGROUND FACTS

9. On and before September 26, 2018, Plaintiff's spouse, Kenneth Ballard had an Accidental Death Benefits Provision under a Group Life Insurance Policy issued by the Defendant, insuring his life for accidental death. This policy was in full force and effect on September 26, 2018.

10. On September 22, 2018, Kenneth Ballard was a passenger in a golf cart and while riding as a passenger, he was ejected from the rear passenger seat of the golf cart which resulted in a blunt trauma head injury. The owner and operator of the golf card made an unannounced acceleration and/or turn which catapulted Kenneth Ballard from the golf cart onto the roadway. As a result of the operator's maneuver, Kenneth Ballard suffered a fatal head injury.

11. Defendant has expressly admitted that Mr. Ballard was involved in an accident and Defendant affirms another individual was driving the golf cart resulting in the accident which caused Mr. Ballard's death. It must be noted that at the time the accident occurred, Plaintiff's spouse never expected, nor should have reasonably expected that he would incur the injuries he ultimately suffered.

12. Based on the acts and omissions of all parties involved, Plaintiff's husband's death was an accidental death. The corresponding Death Certificate confirms the manner of death was accidental.

13. The beneficiary of the accidental death benefits payable and owed under the applicable life insurance policy is Heidi Ballard. Plaintiff submitted a timely claim for accidental life insurance benefits. Additionally, Plaintiff has fully cooperated with the Defendant investigation of the claim.

14. Defendant initially denied the claim for benefits in correspondence dated March 19, 2019, representing and taking the position Kenneth Ballard's death "was caused or contributed to by the presence of alcohol which contributed to the cause of the accident." Defendant ratified their underlying position, following Plaintiff's appeal stating generally the death of Kenneth Ballard was not accidental and therefore Plaintiff is excluded from recovering benefits under the policy.

15. Defendant relies upon the following exclusion in their denial of Plaintiff's claim:

> The presence of alcohol in the Covered Person's blood which raises a Presumption that the Covered Person was under the influence of alcohol **AND** contributed to the **CAUSE OF THE ACCIDENT**.

The second integral requirement of the exclusion relied upon by the Defendant in their denial is not applicable because the decedent did not contribute to or directly cause the accident which subsequently caused his fatal injuries. In fact eyewitness testimony reflects the accident was not caused by Plaintiff's spouse, but by the operator of the golf cart.

16. Defendant exclusively opines the decedent's alcohol intoxication contributed to or directly caused the accident resulting in death. However, it is undisputed that a third-party, who was operating the golf cart, for which the decedent was a passenger, caused the accident. In fact, evidence indicates the accident which proximately caused Mr. Ballard's death was not his intoxication, but was the third-party's operation of the golf cart which resulted in the decedent being thrown from the golf cart.

## VI. VIOLATIONS OF THE TEXAS INSURANCE CODE

17. Plaintiff incorporates herein all the facts as set forth above.

18. It appears that Defendant intentionally or in a negligent manner handled Plaintiff's claim. Therefore, Defendant's conduct is in violation of numerous laws, including but not limited to Texas Insurance Code (TIC), as follows:

a) TIC §541.060(a)(2)(A): Defendant has violated this section by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which Defendant's liability has become reasonably clear in that Defendant is denying Plaintiff's claim for benefits without just cause in that the decedent's conduct did not cause the accident which resulted in his injuries and death.

b) TIC §541.060(a)(7): Defendant has violated this section by not conducting a reasonable investigation with respect to the claim in that a reasonable investigation, including interviewing witnesses, would have shown that Plaintiff's husband's conduct did not cause or contribute to the accident.

## VII. BREACH OF CONTRACT

19. Plaintiff incorporates herein all the facts as set forth above.

20. It appears Defendant intentionally or in a negligent manner administered Plaintiff's claim for benefits under the policy. Therefore, Defendant's conduct relative to the Plaintiff in this matter appears to be in breach of contract, as follows:

a. There is a valid, enforceable contract of for Accidental Death Benefits under Defendant's Policy of Insurance with Plaintiff.

b. Plaintiff is a proper party with standing to sue for breach of the insurance contract.

c. Plaintiff and the Insured performed under the contract by paying premiums. Plaintiff cooperated with Defendant's investigation.

d. Defendant has breached the life insurance contract by refusing to pay accidental death benefits believed to be approximately $325,000.00 to Plaintiff.

e. Defendant's breach of the contract has caused harm to Plaintiff.

## VIII. REQUEST FOR RELIEF/DAMAGES

21. Plaintiff is entitled to accidental death insurance benefits under the Policy as Plaintiffs husband's death met the definition of an accidental death contained in the Policy.

22. Plaintiff complied with her obligations to make a proof of claim in accordance with the Policy requirements and Plaintiff is entitled to economic and actual damages resulting therefrom.

23. Plaintiff provided ample proof to support her claim for benefits in the appeal.

24. Defendant's conduct is in violation of Defendant's own policies and procedures as well as in violation of the Texas Insurance Code. Specifically, the Defendant, by wrongfully denying Plaintiff's claim for benefits, has breached the effective policy and said breach is actionable. On its face, Defendant's decision to deny the Plaintiff the benefits under the policy is arbitrary and capricious.

## IX. REQUEST FOR RELIEF - ATTORNEY FEES

25. Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) §541.152(a)(1), of the Texas Insurance Code; (b) Chapter 38 of the Texas Civil Practice and Remedies Code; and, (c) common law. Plaintiff expressly presented the claim to Defendant timely and said presentment was rejected.

## X. REQUESTS FOR DISCLOSURE

26. Under Texas Rule of Civil Procedure 194, Plaintiff requests Defendant disclose, within fifty (50) days of the service of this request, the information or material described in Rule 194.2 (a)-(l).

## XI. INTENT TO USE DEFENDANT'S DOCUMENTS

27. Plaintiff hereby gives notice of intent to utilize items produced in discovery against the party producing same. The authenticity of such items is self-proven pursuant to Rule 193.7 of the Texas Rules of Civil Procedure.

## XII. JURY DEMAND

28. Plaintiff respectfully requests that a jury be convened to try the factual issues of this case.

## XIII. PRAYER

29. Based on the foregoing, Plaintiff has been damaged and will be damaged in a sum in excess of the jurisdictional minimum of this Court, for which Plaintiff now brings suit. Said damages are the result of the conduct and course of action undertaken by the Defendant, which proximately resulted in the Plaintiff's losses under the policy.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays the Defendant be duly cited to appear and answer herein; that upon final trial herein Plaintiff recover her actual and consequential damages as set forth above from the Defendant, including reasonable attorney's fees, costs of court, pre-judgment and post-judgment interest at the legal rate; and that Plaintiff have such other and further relief, both general and special, at law and in equity, to which she may be justly entitled.

Respectfully submitted,

**Patrick M. Primavera**
Texas Bar No. 00789559
LAW OFFICES OF PATRICK PRIMAVERA

32731 Egypt Lane, Suite 704
Magnolia, Texas 77354
Telephone: (281) 259-4992
Facsimile: (281) 259-4999
Email: Pat@PGLawGroup.com
*ATTORNEY FOR HEIDI BALLARD*

Received and E-Filed for Record
6/25/2020 1:14 PM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Kayla Adams

# Request for Service

## Montgomery County District Clerk

**CASE NUMBER:** 20-06-07486 **CURRENT COURT:** Montgomery County - 284th Judicial District Court

**Name(s) of Documents to be served:** Plaintiff's Original Petition and Requests for Disclosure

**FILE DATE of document(s) to be served:** 06/25/2020 **Month/Day/Year**

**SERVICE TO BE ISSUED ON (Please List Exactly as The Name Appears in The Pleading to Be Served):**

**Issue Service to:** Lincoln Life Assurance Company of Boston

**Address of Service:** 211 East 7th Street, Suite 620

**City, State & Zip:** Austin, Texas 78701

**Agent (if applicable):** Registered Agent: Corporation Service Company

[X] **Check here to have citation addressed to wherever the addressee may be found.**

**TYPE OF SERVICE/PROCESS TO BE ISSUED: (Check the appropriate box)**

- [X] Citation for Personal Service
- [ ] Citation by Posting
- [ ] Citation by Publication
- [ ] Citation Scire Facias
- [ ] Writ of Garnishment
- [ ] Writ of Sequestration
- [ ] Writ of Attachment
- [ ] Writ of Habeas Corpus
- [ ] Secretary of State Citation ($12.00)
- [ ] Highway Commission ($12.00)
- [ ] Commissioner of Insurance ($12.00)
- [ ] Capias (not an E-Issuance)
- [ ] Temporary Restraining Order (Family)
- [ ] Temporary Ex Parte Protective Order
- [ ] Notice of Appl. For Protective Order
- [ ] Notice of Hearing/Show Cause
- [ ] Civil Injunction/TRO
- [ ] Precept
- [ ] Subpoena
- [ ] Other (Please describe) ____________

(See additional forms for Post Judgment Service)

- [ ] Notice of Foreign Judgment (UIFSA)
- [ ] Notice of Foreign Judgment (UCCJEA) (by certified mail service)
- [ ] Writ of Withholding ($15.00 - certified mail by District Clerk only)
- [ ] Notice of Termination of Child Support ($15.00 - certified mail by District Clerk only)

**SERVICE BY: (Check the appropriate box.)**

- [X] E-Issuance by District Clerk (No Service Copy Fees Charged) (Note:) CAPIAS is not an E-Issuance Option

*Citations returned electronically will be e-served through E-file Texas to requesting attorney/pro se.

- [ ] ATTORNEY PICK-UP (phone or email contact): ____________
- [ ] MAIL to attorney at Attorney of Record's address on file in case record.
- [ ] CERTIFIED MAIL by District Clerk
- [ ] Regular Mail (only available for Expedited Foreclosures and UIFSA Foreign Judgments
- [ ] CIVIL PROCESS SERVER - Authorized Person to Pick-up: ____________ Phone: ____________
- [ ] OTHER, *explain:* ____________

**Issuance of Service requested by:**

**Attorney/Party Name:** Patrick Primavera, Attorney **Bar# or ID:** 00789559

**Mailing Address:** 32731 Egypt Lane, Suite 704, Magnolia, Texas 77354

**Phone Number:** (281) 259-4992

JUN 26 2020
@11 AM

# CITATION

Cause Number: 20-06-07486

Clerk of the Court
Melisa Miller
P.O. Box 2985
Conroe, Texas 77305

Attorney Requesting Service
Patrick M Primavera
32731 Egypt Ln
Ste 704
Magnolia TX 77354

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

To: Lincoln Life Assurance Company of Boston
Registered Agent Corporation Service Company
211 East 7th St Suite 620
Austin TX 78701
OR WHEREVER THE ADDRESSEE MAY BE FOUND

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition and Request for Disclosure at or before 10:00 A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 284th Judicial District Court Montgomery County, Texas at the Courthouse of said County in Conroe, Texas.

Said Plaintiff's Original Petition and Request for Disclosure was filed in said court on this the 25th day of June, 2020 numbered 20-06-07486 on the docket of said court, and styled, Heidi Ballard VS. Lincoln Life Assurance Company of Boston

The nature of plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition and Request for Disclosure accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 26th day of June, 2020.

DISTRICT COURT OF MONTGOMERY COUNTY TEXAS

Melisa Miller, District Clerk
Montgomery County, Texas

By: Jonathan Chicas
6/26/2020 9:37:32 AM
Jonathan Chicas, Deputy

DELIVERED:
ON: 6 / 26 / 2020
BY: VS PSC#12617

# OFFICER'S RETURN

Cause No. 20-06-07486 Court No: 284th Judicial District Court
Style: Heidi Ballard VS. Lincoln Life Assurance Company of Boston
To: Lincoln Life Assurance Company of Boston
Address: Registered Agent Corporation Service Company
211 East 7th St Suite 620
Austin TX 78701
OR WHEREVER THE ADDRESSEE MAY BE FOUND

Came to hand the ___day of ____________, 20__, at _______ o'clock, and executed in _________________ County, Texas by delivering to each of the within named defendants in person, a true copy of this citation with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Original Petition and Request for Disclosure at the following times and places, to wit:

| Name | Date/Time | Place, Course and distance from Courthouse |
|---|---|---|
| ______________ | ____________ | ____________________________________________________ |

Manner of service: ________________________________________________________________________

*And not executed as to the defendants(s) ______________________________________________________
The diligence used in finding said defendant(s) being:

_______________________________________________________________________________________

And the cause of failure to execute this process is:

_______________________________________________________________________________________

And information received as to the whereabouts of said defendant(s) being:

_______________________________________________________________________________________

FEES:
Serving Petition and Copy $_________

TOTAL $_________

________________________OFFICER
____________________County, Texas
By:________________________, Deputy

AFFIANT

Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In accordance with Rule 107: the officer, or authorized person who services, or attempts to serve a citation shall sign and return. The return must either be verified or be signed under penalty of perjury.

A return signed under penalty of perjury must contain the statement below in substantially the following form:
My full name is _____________________________________
My date of birth is ___/___/_____, and my address is
_____________________________________________________.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT
Executed in__________________, County, State of __________,
on the _____day of ________________, 20____.

___________________________________
Declarant/Authorized Process Server

___________________________
ID# & Exp. Of Certification

_________________________________
Declarant/Authorized Process Server

_________________________________
ID# & Exp. Of Certification

SWORN AND SUBSCRIBED ON

________________________________
DATE

________________________________
NOTARY

Received and E-Filed for Record
7/6/2020 12:00 AM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Kristan Weesner-Malo

RECEIVED
JUN 26 2020
@11:00AM

# CITATION

Cause Number: 20-06-07486

Clerk of the Court
Melisa Miller
P.O. Box 2985
Conroe, Texas 77305

Attorney Requesting Service
Patrick M Primavera
32731 Egypt Ln
Ste 704
Magnolia TX 77354

# THE STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

To: Lincoln Life Assurance Company of Boston
Registered Agent Corporation Service Company
211 East 7th St Suite 620
Austin TX 78701
OR WHEREVER THE ADDRESSEE MAY BE FOUND

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition and Request for Disclosure at or before 10:00 A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 284th Judicial District Court Montgomery County, Texas at the Courthouse of said County in Conroe, Texas.

Said Plaintiff's Original Petition and Request for Disclosure was filed in said court on this the 25th day of June, 2020 numbered 20-06-07486 on the docket of said court, and styled, Heidi Ballard VS. Lincoln Life Assurance Company of Boston

The nature of plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition and Request for Disclosure accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 26th day of June, 2020.

DISTRICT COURT OF MONTGOMERY COUNTY TEXAS

Melisa Miller, District Clerk
Montgomery County, Texas
By: Jonathan Chicas 6/26/2020 9:37:32 AM
Jonathan Chicas, Deputy

**AFFIDAVIT ATTACHED**

# OFFICER'S RETURN

Cause No. 20-06-07486 Court No: 284th Judicial District Court
Style: Heidi Ballard VS. Lincoln Life Assurance Company of Boston
To: Lincoln Life Assurance Company of Boston
Address: Registered Agent Corporation Service Company
211 East 7th St Suite 620
Austin TX 78701
OR WHEREVER THE ADDRESSEE MAY BE FOUND

Came to hand the 26th day of June, 2020, at 11:00AM o'clock, and executed in ________ County, Texas by delivering to each of the within named defendants in person, a true copy of this citation with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Original Petition and Request for Disclosure at the following times and places, to wit:

| Name | Date/Time | Place, Course and distance from Courthouse |
|---|---|---|
| | | |

Manner of service: ________

*And not executed as to the defendants(s) ________
The diligence used in finding said defendant(s) being:

AFFIDAVIT ATTACHED

And the cause of failure to execute this process is:

And information received as to the whereabouts of said defendant(s) being:

FEES:
Serving Petition and Copy $________

TOTAL $________

________ OFFICER
________ County, Texas
By: ________, Deputy

AFFIANT
Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In accordance with Rule 107: the officer, or authorized person who services, or attempts to serve a citation shall sign and return. The return must either be verified or be signed under penalty of perjury.

A return signed under penalty of perjury must contain the statement below in substantially the following form:
My full name is ________
My date of birth is ___/___/___, and my address is
________.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT
Executed in ________, County, State of ________,
on the ____day of ________, 20____.

________
Declarant/Authorized Process Server

________
ID# & Exp. Of Certification

________
Declarant/Authorized Process Server

________
ID# & Exp. Of Certification

SWORN AND SUBSCRIBED ON

________
DATE

________
NOTARY

# AFFIDAVIT OF SERVICE

**State of Texas** **County of Montgomery** **284th Judicial District Court**

Case Number: 20-06-07486

Plaintiff:
**HEIDI BALLARD**

vs.

Defendant:
**LINCOLN LIFE ASSURANCE COMPANY OF BOSTON**

Received these papers on the 26th day of June, 2020 at 11:00 am to be served on **LINCOLN LIFE ASSURANCE COMPANY OF BOSTON care of its Registered Agent, CORPORATION SERVICE COMPANY, 211 E. 7th Street, Suite 620, Austin, Travis County, TX 78701**.

I, Vivian Smith, being duly sworn, depose and say that on the **26th day of June, 2020** at **11:59 am, I:**

hand delivered to **LINCOLN LIFE ASSURANCE COMPANY OF BOSTON** a true copy of this **Citation together with Plaintiff's Original Petition and Requests for Disclosure**, by delivering to its Registered Agent, **CORPORATION SERVICE COMPANY**, by and through its designated agent, **SAMANTHA GUERRA**, at the address of: **211 E. 7th Street, Suite 620, Austin, Travis County, TX 78701,** having first endorsed upon such copy of such process the date of delivery.

I certify that I am approved by the Judicial Branch Certification Commission, Misc. Docket No. 05-9122 under rule 103, 501, and 501.2 of the TRCP to deliver citations and other notices from any District, County and Justice Courts in and for the State of Texas. I am competent to make this oath; I am not less than 18 years of age, I am not a party to the above-referenced cause, I have not been convicted of a felony or a crime of moral turpitude, and I am not interested in the outcome of the above-referenced cause.

Subscribed and Sworn to before me on the 26th day of June, 2020 by the affiant who is personally known to me.

[signature]
**Vivian Smith**
PSC-12617, Exp. 5/31/2022

[signature: Helen Broussard]
NOTARY PUBLIC

Our Job Serial Number: THP-2020003378
Ref: Ballard

NOTARY PUBLIC STATE OF TEXAS
Helen Broussard
My Commission Expires
11/04/2023
ID No 130429927

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1k