**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| HEIDI BALLARD, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-cv-02530 |
| | § | |
| LINCOLN LIFE ASSURANCE | § | |
| COMPANY OF BOSTON, | § | |
| *Defendant.* | § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, HEIDI BALLARD**,** hereinafter referred to as "Plaintiff", complaining of LINCOLN LIFE ASSURANCE COMPANY OF BOSTON**,** hereinafter referred to as "Defendant" or "Lincoln", and hereby submits Plaintiff's First Amended Complaint and for cause of action respectfully would show unto the Court as follows:

## I. PARTIES

1. HEIDI BALLARD is an individual who is the sole beneficiary of a life insurance policy and the Plaintiff in this case. Ms. Ballard resides in Montgomery County Texas.

2. LINCOLN LIFE ASSURANCE COMPANY OF BOSTON is a foreign corporation organized and existing under the laws of the State of New Hampshire and having its principle place of business in New Hampshire. Said Defendant regularly conducts business activities in the State of Texas of Texas such that said Defendant is subject to personal jurisdiction in the State and in State Court. Defendant has been properly served with citation and has made legal filings with this Court.

## II. JURISDICTION AND VENUE

3. The subject matter in controversy is within the jurisdictional limits of this Court.

4. Plaintiff seeks monetary relief over $75,000.00.

5. Plaintiff is the beneficiary of an insurance policy issued by Defendant and accordingly venue is proper in this Court.

## III. CONDITIONS PRECEDENT

6. All conditions precedent have been performed or have occurred in that Defendant received and repeatedly denied the claim upon presentment by the Plaintiff and Plaintiff has accordingly exhausted all administrative remedies and appeals.

## IV. BACKGROUND FACTS

7. On and before September 26, 2018, Plaintiff's spouse, Kenneth Ballard had an Accidental Death Benefits Provision under a Group Life Insurance Policy issued by the Defendant, insuring his life for accidental death. This policy was in full force and effect on September 26, 2018.

8. On September 22, 2018, Kenneth Ballard was a passenger in a golf cart and while riding as a passenger, he was ejected from the rear passenger seat of the golf cart which resulted in a blunt trauma head injury. The owner and operator of the golf cart made an unannounced acceleration and/or turn which catapulted Kenneth Ballard from the golf cart onto the roadway. As a result of the operator's maneuver, Kenneth Ballard suffered a fatal head injury.

9. Defendant has expressly admitted that Mr. Ballard was involved in an accident and Defendant affirms another individual was driving the golf cart resulting in the accident which caused Mr. Ballard's death. It must be noted that at the time the accident occurred, Plaintiff's spouse never expected, nor should have reasonably expected that he would incur the injuries he ultimately suffered.

10. Based on the acts and omissions of all parties involved, Plaintiff's husband's death was an accidental death. The corresponding Death Certificate confirms the manner of death was accidental.

11. The beneficiary of the accidental death benefits payable and owed under the applicable life insurance policy is Heidi Ballard. Plaintiff submitted a timely claim for accidental life insurance benefits. Additionally, Plaintiff has fully cooperated with the Defendant's investigation of the claim.

12. Defendant initially denied the claim for benefits in correspondence dated March 19, 2019, representing and taking the position Kenneth Ballard's death "was caused or contributed to by the presence of alcohol which contributed to the cause of the accident." Defendant ratified their underlying position, following Plaintiff's appeal stating generally the death of Kenneth Ballard was not accidental and therefore Plaintiff is excluded from recovering benefits under the policy.

13. Defendant relies upon the following exclusion in their denial of Plaintiff's claim:

> The presence of alcohol in the Covered Person's blood which raises a Presumption that the Covered Person was under the influence of alcohol **AND** contributed to the **CAUSE OF THE ACCIDENT**.

The second integral requirement of the exclusion relied upon by the Defendant in their denial is not applicable because the decedent did not contribute to or directly cause the accident which subsequently caused his fatal injuries. In fact eyewitness testimony reflects the accident was not caused by Plaintiff's spouse, but by the operator of the golf cart.

14. Defendant exclusively opines the decedent's alcohol intoxication contributed to or directly caused the accident resulting in death. However, it is undisputed that a third-party, who was operating the golf cart, for which the decedent was a passenger, caused the accident. In fact,

evidence indicates the accident which proximately caused Mr. Ballard's death was not his intoxication, but was the third-party's operation of the golf cart which resulted in the decedent being thrown from the golf cart.

## VI. VIOLATIONS OF THE TEXAS INSURANCE CODE

15. Plaintiff incorporates herein all the facts as set forth above.

16. It appears that Defendant intentionally or in a negligent manner handled Plaintiff's claim. Therefore, Defendant's conduct is in violation of numerous laws, including but not limited to Texas Insurance Code (TIC), as follows:

a) TIC §541.060(a)(2)(A): Defendant has violated this section by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which Defendant's liability has become reasonably clear in that Defendant is denying Plaintiff's claim for benefits without just cause in that the decedent's conduct did not cause the accident which resulted in his injuries and death.

b) TIC §541.060(a)(7): Defendant has violated this section by not conducting a reasonable investigation with respect to the claim in that a reasonable investigation, including interviewing witnesses, would have shown that Plaintiff's husband's conduct did not cause or contribute to the accident.

## VII. BREACH OF CONTRACT

17. Plaintiff incorporates herein all the facts as set forth above.

18. It appears Defendant intentionally or in a negligent manner administered Plaintiff's claim for benefits under the policy. Therefore, Defendant's conduct relative to the Plaintiff in this matter appears to be in breach of contract, as follows:

a. There is a valid, enforceable contract of for Accidental Death Benefits under Defendant's Policy of Insurance with Plaintiff.

b. Plaintiff is a proper party with standing to sue for breach of the insurance contract.

c. Plaintiff and the Insured performed under the contract by paying premiums. Plaintiff cooperated with Defendant's investigation.

d. Defendant has breached the life insurance contract by refusing to pay accidental death benefits believed to be approximately $325,000.00 to Plaintiff.

e. Defendant's breach of the contract has caused harm to Plaintiff.

## VIII. ALTERNATIVE CLAIM FOR VIOLATION OF ERISA

19. Plaintiff incorporates herein all the facts as set forth above.

20. The employer of the decedent, Plaintiff's spouse, provided a Group Life Insurance Policy with accidental life insurance benefits on the life of Plaintiff's spouse, Kenneth Ballard.

21. The Policy may be subject to ERISA.

22. At all pertinent time Plaintiff's spouse and Plaintiff were enrolled and were participants or beneficiaries under the Policy pursuant to 29 U.S.C. §1002(7) and §1002(8).

23. Plaintiff's spouse died due to injuries resulting from an accident and Plaintiff timely submitted a claim for life insurance benefits under the Policy.

24. Defendant denied life insurance benefits to Plaintiff based on Defendant's assertion the Policy excludes coverage and benefits under the auspice of the presence of alcohol in the covered person's blood which raises the presumption that the covered person was under the influence of alcohol and contributed to the cause of the accident.

25. Plaintiff appealed Defendant's denials of benefits under the Policy and proffered evidence to Defendant that Kenneth Ballard did not cause the accident which subsequently resulted in his fatal injuries.

26. Upon appeal, Defendant maintained their denial of Plaintiff's request for benefits under the Policy.

## IX. REQUEST FOR RELIEF/DAMAGES

27. Plaintiff is entitled to accidental death insurance benefits under the Policy as Plaintiff's husband's death met the definition of an accidental death contained in the Policy.

28. Plaintiff complied with her obligations to make a proof of claim in accordance with the Policy requirements and Plaintiff is entitled to economic and actual damages resulting therefrom.

29. Plaintiff provided ample proof to support her claim for benefits in the appeal.

30. Defendant's conduct is in violation of Defendant's own policies and procedures as well as in violation of the Texas Insurance Code. Specifically, the Defendant, by wrongfully denying Plaintiff's claim for benefits, has breached the effective policy and said breach is actionable.

31. In the alternative, Defendant's decision to deny the Plaintiff the benefits under the policy is arbitrary and capricious.

32. Pursuant to U.S.C. §1132(a)(1)(B), Plaintiff seeks recovery of benefits due to her that have not been paid as set forth under the Policy.

## IX. REQUEST FOR RELIEF - ATTORNEY FEES AND COSTS

33. Pursuant to 29 U.S.C. §1132(g)(1), Plaintiff seeks recovery of Plaintiff's reasonable and necessary attorney's fees and costs in connection with this action.

## X. DAMAGES

34. Plaintiff sustained the following economic and actual damages as a result of the acts and/or omissions of the Defendant described herein:

a) Policy Benefits

## XI. PRE-JUDGMENT AND POST JUDGMENT INTEREST

35. As a direct result of the injuries sustained by the Plaintiff as set forth above, and in addition to those damages, Plaintiff will show entitlement to pre-judgment interest on each element of damages from and after the date of accrual of such damages while benefits were denied, through the date of judgment, such interest to accrue at the highest prevailing applicable rate on the date of judgment as to be granted by the Court.

36. As a direct result of the injuries sustained by the Plaintiff as set forth above, and in addition to those damages, Plaintiff will show entitlement to post judgment interest on damages from and after the date of judgment until paid in full.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays the Defendant be duly cited to appear and answer herein; that upon final trial herein Plaintiff recover her actual and consequential damages as set forth above from the Defendant, including reasonable attorney's fees, costs of court, pre-judgment and post-judgment interest at the legal rate; and that Plaintiff have such other and further relief, both general and special, at law and in equity, to which she may be justly entitled.

Respectfully submitted,

**Patrick M. Primavera**
Texas Bar No. 00789559
S.D. of Texas No. 21971
LAW OFFICES OF PATRICK PRIMAVERA
32731 Egypt Lane, Suite 704
Magnolia, Texas 77354
Telephone: (281) 259-4992
Facsimile: (281) 259-4999
Email: Pat@PGLawGroup.com
*ATTORNEY FOR HEIDI BALLARD*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served upon the following, in accordance with the Court's CM/ECF procedures and Federal Rules of Civil Procedure, on this the 30th day of July, 2020:

Iwana Rademaekers
LAW OFFICES OF IWANA RADEMAEKERS, PC
14785 Preston Road, Suite 550
Dallas, Texas 75254
*Attorney for Defendant*

*Via: Facsimile* (469) 444-6456 *and*
*e-Service:* iwana@rademaekerslaw.com



**Patrick M. Primavera**