**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| HEIDI BALLARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20cv02530 |
| | § | |
| LINCOLN LIFE ASSURANCE COMPANY OF BOSTON, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Lincoln Life Assurance Company of Boston ("Lincoln") files this Answer to Plaintiff's First Amended Complaint (the "Complaint") filed by Plaintiff Heidi Ballard ("Plaintiff") and states as follows:

## I. PARTIES

1. Lincoln is without knowledge or information sufficient to form a belief concerning Plaintiff's current residence to admit or deny allegations concerning that matter. Lincoln admits that Kenneth Ballard ("Decedent") was employed by PulteGroup, Inc. ("Pulte"), and a participant in the PulteGroup, Inc. Group Life Insurance Benefit Plan (the "Plan") and designated Plaintiff as beneficiary for life benefits under the Plan. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits it is a New Hampshire Corporation with its principal place of business in Radnor, Pennsylvania, and that it is lawfully authorized to do business in Texas. Lincoln admits that this Court has jurisdiction of this action and that venue is proper in this Court. Lincoln specifically denies that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln

admits it was properly served in this action in the removed State Court action. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

## II. JURISDICTION AND VENUE

3. Lincoln admits that Plaintiff's claims are governed by Section 502 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") and under the jurisdiction of this Court pursuant to 28 U.S.C. § 1331. Lincoln specifically denies that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln admits that by this action, Plaintiff is seeking recovery of life benefits in excess of $75,000.00 from the Plan, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits that it issued a Group Life Insurance Policy (the "Policy") to Pulte, which Policy, at certain times, insured benefits for the Plan. Lincoln admits that the Decedent was a participant in the Plan and designated Plaintiff as beneficiary for life benefits under the Plan. Lincoln admits that venue of this action is proper in this Court. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

## III. CONDITIONS PRECEDENT

6. Lincoln admits that it received a claim for life benefits from Plaintiff. Lincoln admits that it sent a letter dated March 19, 2019 to Plaintiff and a letter dated October 16, 2019 to Plaintiff's counsel, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the Plan under 29 U.S.C. §

1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

## IV. BACKGROUND FACTS

7. Lincoln admits that Decedent was an employee of Pulte and a participant in the Plan, which included accidental death benefits. Lincoln admits that benefits from the Plan were, at certain times, insured by the Policy issued by Lincoln to Pulte, and that the Policy was in effect at the time of his death. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits the administrative record regarding Plaintiff's claim for life benefits contains a death certificate and medical records reflecting the accident, Decedent's manner of death, and Decedent's consumption of alcohol and blood alcohol level, and Lincoln refers to the administrative record as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits the administrative record regarding Plaintiff's claim for life benefits contains a death certificate and medical records reflecting the accident, Decedent's manner of death, and Decedent's consumption of alcohol and blood alcohol level, and Lincoln refers to the administrative record as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits the administrative record regarding Plaintiff's claim for life benefits contains a death certificate and medical records reflecting the accident, Decedent's manner of death, and Decedent's consumption of alcohol and blood alcohol level, and Lincoln refers to the

administrative record as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits that the Decedent was a participant in the Plan, which included accidental death benefits, and designated Plaintiff as beneficiary for life benefits under the Plan. Lincoln admits Plaintiff submitted a claim for life benefits and accidental life benefits. Lincoln denies all remaining allegations contains in Paragraph 11 of the Complaint.

12. Lincoln admits that it received a claim for life benefits from Plaintiff. Lincoln admits that it sent a letter dated March 19, 2019 to Plaintiff and a letter dated October 16, 2019 to Plaintiff's counsel, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contains in Paragraph 12 of the Complaint.

13. Lincoln admits that it sent a letter dated March 19, 2019 to Plaintiff and a letter dated October 16, 2019 to Plaintiff's counsel, and Lincoln refers to the letters themselves as the best evidence of their contents. To the extent that the allegations contained in Paragraph 13 of the Complaint seek to interpret the provisions of the Policy, Lincoln refers to the Policy as the best evidence of its contents. Lincoln admits the administrative record regarding Plaintiff's claim for life benefits contains a death certificate and medical records reflecting the accident, Decedent's manner of death, and Decedent's consumption of alcohol and blood alcohol level, and Lincoln refers to the administrative record as the best evidence of its contents. Lincoln denies all remaining allegations contains in Paragraph 13 of the Complaint.

14. Lincoln admits that it sent a letter dated March 19, 2019 to Plaintiff and a letter dated October 16, 2019 to Plaintiff's counsel, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln admits the administrative record regarding Plaintiff's claim for life benefits contains a death certificate and medical records reflecting the accident, Decedent's manner of death, and Decedent's consumption of alcohol and blood alcohol level, and

Lincoln refers to the administrative record as the best evidence of its contents. Lincoln denies all remaining allegations contains in Paragraph 14 of the Complaint.

15-18. The allegations contained in Sections VI and VII (Paragraphs 15-18) of the Complaint are the subject of Defendant's Motion to Partially Dismiss filed concurrently with this Answer.

**VIII. ALTERNATIVE CLAIM FOR VIOLATION OF ERISA**

19. Lincoln incorporates its responses to Paragraphs 1-18 by reference as if fully set forth herein.

20. Lincoln admits that Pulte sponsored the Plan to provide life benefits, including accidental death benefits, to certain of its employees, and that Decedent was employed by Pulte and a participant in the Plan. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln admits that Plaintiff's claims are governed by ERISA. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln admits that the Decedent was a participant in the Plan and designated Plaintiff as beneficiary for life benefits under the Plan. Lincoln denies all remaining allegations contains in Paragraph 22 of the Complaint.

23. Lincoln admits the administrative record regarding Plaintiff's claim for life benefits contains a death certificate and medical records reflecting the accident, Decedent's manner of death, and Decedent's consumption of alcohol and blood alcohol level, and Lincoln refers to the administrative record as the best evidence of its contents. Lincoln admits Plaintiff submitted a claim for life benefits and accidental life benefits. Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Lincoln admits that it sent a letter dated March 19, 2019 to Plaintiff and a letter dated October 16, 2019 to Plaintiff's counsel, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contains in Paragraph 24 of the Complaint.

25. Lincoln admits it received an appeal of the denial of Plaintiff's claim for accidental death benefits from the Plan, but Lincoln refers to the letter and documents themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Lincoln admits that it sent a letter dated October 16, 2019 to Plaintiff's counsel, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contains in Paragraph 26 of the Complaint.

## IX. REQUEST FOR RELIEF/DAMAGES

27. Lincoln denies all allegations contained in Paragraph 27 of the Complaint.

28. Lincoln admits Plaintiff submitted a claim for life benefits and accidental life benefits. Lincoln denies all remaining allegations contains in Paragraph 28 of the Complaint.

29. Lincoln admits it received an appeal of the denial of Plaintiff's claim for accidental death benefits from the Plan, but Lincoln refers to the letter and documents themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. The allegations contained in Paragraph 30 of the Complaint are the subject of Defendant's Motion to Partially Dismiss filed concurrently with this Answer.

31. Lincoln denies all allegations contained in Paragraph 31 of the Complaint.

32. Lincoln admits that by this action, Plaintiff is seeking recovery of life benefits from the Plan, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 32 of the Complaint.

## IX. REQUEST FOR RELIEF - ATTORNEYS FEES AND COSTS

33. Lincoln admits that by this action, Plaintiff is seeking recovery of life benefits from the Plan, along with attorney's fees and costs, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 33 of the Complaint.

## X. DAMAGES

34. Lincoln denies all allegations contained in Paragraph 34 of the Complaint.

## XI. PREJUDGEMENT AND POST JUDGMENT INTEREST

35. Lincoln admits that by this action, Plaintiff is seeking recovery of life benefits from the Plan, along with other damages, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 35 of the Complaint.

36. Lincoln admits that by this action, Plaintiff is seeking recovery of life benefits from the Plan, along with other damages, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 36 of the Complaint.

Lincoln denies all allegations contained in the WHEREFORE Paragraph of the Complaint and denies Plaintiff is entitled to the relief sought therein.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiff may not recover damages under state law in this action. The damages, if any, claimed by Plaintiff are limited to those available under ERISA.

3. The relevant life benefits policy grants discretionary authority to Lincoln to determine eligibility for life benefits under the relevant life benefits policy, and Lincoln did not abuse its discretion is making decisions on Plaintiff's claim for life benefits.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Lincoln reserves the right to assert additional defenses.

## PRAYER

Lincoln requests that the Court enter judgment that Plaintiff recovers nothing by this action; that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated this 13th day of August 2020.

Respectfully submitted,

By: /s/ Iwana Rademaekers

Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
S.D. of Texas No. 22781
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Patrick M. Primavera
Email: Pat@PGLawGroup.com

August 13, 2020 — Date

/s/ Iwana Rademaekers — Iwana Rademaekers