**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| HEIDI BALLARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20cv02530 |
| | § | |
| LINCOLN LIFE ASSURANCE COMPANY OF BOSTON, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S MOTION TO PARTIALLY DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND BRIEF IN SUPPORT**

Pursuant to Rules 12(b)(6) of the Federal Rules of Civil Procedure, Defendant, Lincoln Life Assurance Company of Boston ("Defendant" or "Lincoln") files this Motion to Partially Dismiss Plaintiff's First Amended Complaint and Brief in Support.[1]

## I.
## GROUNDS FOR MOTION

In the Plaintiff's First Amended Complaint (hereafter, "Complaint"), Plaintiff seeks recovery of life benefits, and asserts state law causes of action of Texas Insurance Code violations, bad faith, and breach of contract.[2] Additionally, Plaintiff asserted an alternative claim for recovery of benefits under ERISA.[3] However, Plaintiff's state law causes of action are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq., as amended ("ERISA").

---

[1] The Motion to Dismiss (Doc. 4) previously filed by Defendant on July 24, 2020 is now moot due to Plaintiff's filing of her First Amended Complaint (Doc 5) on July 30, 2020.

[2] See Complaint, ¶¶ 15-18 and 30.

[3] See Complaint, ¶¶ 19-26 and 32.

## II. ARGUMENT AND AUTHORITIES

### A. THE STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for failure to state a claim upon which relief can be granted.[4] A court should dismiss a claim if it finds that the facts pled do not support a claim for relief, even assuming the allegations as pled are true.[5] Furthermore, in order to avoid dismissal, a party must plead sufficient information to outline the basis of its claim.[6] Plaintiff has failed to meet this burden with regard to the state law claims she has brought against Lincoln in the Complaint and these claims must be dismissed from the action.

### B. PLAINTIFF'S STATE LAW CAUSES OF ACTION ARE PREEMPTED BY ERISA

As this Court is aware, the preemptive force of ERISA is so powerful that the Supreme Court has specifically held that it completely displaces any state law cause of action. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 64 (1987). This presumption of federal law applies even if ERISA provides no remedy for the claim sued upon. Olsen v. General Dynamics Corp., 960 F.2d 1418, 1423 (9th Cir. 1991); Cannon v. Group Health Serv. of Okla., Inc., 77 F.3d 1270, 1274 (10th Cir. 1996). ERISA preempts all state law claims that "relate to" an ERISA plan regardless of how such claims are pled. FMC Corp. v. Holiday, 49 U.S. 52, 58 (1990).

---

4 Fed. R. Civ. P. 12(b)(6).

5 E.g., Ledesma v. Dillard Dep't Stores, Inc., 818 F. Supp. 983, 984 (N.D. Tex. 1993).

6 Fernandez-Montez v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993)(requiring a court to take factual allegations of the complaint as true, but to disregard conclusory allegations or legal conclusions masquerading as factual conclusions); Tuchman v. DSC Communications Corp., 14 F.3d 1061, 1067 (5th Cir. 1994)(holding that, in order to avoid dismissal for failure to state a claim, the Plaintiff must plead specific facts, not more conclusory allegations)(citation omitted).

In the Amended Complaint, Plaintiff states, "The employer of the decedent, Plaintiff's spouse, provided a Group Life Insurance Policy with accidental life benefits on the life of Plaintiff's spouse, Kenneth Ballard." Accordingly, it is evident from the Plaintiff's Complaint, Plaintiff's inclusion of an ERISA claim in the Complaint, and the Plan Documents that the plan at issue is an ERISA plan.[7] Plaintiff seeks benefits from the Policy, which was issued to PulteGroup, Inc. to insure benefits from the employee life plan at issue that is governed by ERISA. Further, the only conduct of Defendant about which Plaintiff complains in the Complaint is Defendant's denial of Plaintiff's claim for life benefits under the plan and the administration of her claim for life benefits under the plan.[8] Therefore, it is clear that the Court must refer to the relevant plan documents in assessing Plaintiff's state law causes of action. Thus, Plaintiff's state law causes of action directly "relate to" the plan and are preempted. Epps v. NCNB Texas, 7 F.3d 44, 45 (5th Cir. 1993) (ERISA preempts claims where the court must refer to the plan to determine the plaintiff's benefits).

Indeed, both the Supreme Court and the Fifth Circuit have held that ERISA preempts the state law causes of action asserted by Plaintiff. See, e.g., Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47-48 (1987) (breach of contract and fraud causes of action preempted in disability benefits context); Light v. Blue Cross and Blue Shield of Alabama, Inc., 790 F.2d 1247, 1248-49 (5th Cir. 1986) (bad faith and negligent and intentional infliction of emotional distress causes of action preempted); Metroplex Infusion Care, Inc. v. Lone Star Container Corp., 855 F. Supp. 897, 900 (N.D. Tex. 1994); Hermann Hosp. v. MEBA Medical & Benefit Plan, F.2d 1286, 1290 (5th Cir. 1988) (fraud and equitable estoppel claims preempted); Ramirez v. St. Anthony Hotel,

---

7 See Complaint at ¶¶ 20 and 32; Plaintiff's admissions and allegations in the Complaint clearly establish that the life benefits sought by Plaintiff are sought from a benefit plan "established or maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, . . ." 29 U.S.C. § 1002(1); Memorial Hosp. Sys. V. Northbrook Life Ins. Co., 904 F.2d 236 (5th Cir. 1990).

8 See Complaint at ¶¶ 7-14, 19-27, 31, 34, 36 and the "WHEREFORE" paragraph thereunder.

890 F.2d 760, 763 (5th Cir. 1989) (Texas Deceptive Trade Practices Act and Texas Insurance Code causes of action preempted); Boren v. N.L. Industries, Inc., 889 F2d 1464, 1465 (5th Cir. 1989) (Deceptive Trade Practices Act causes of action preempted in disability benefits context).

Additionally, as reflected by the Complaint, Plaintiff's state law causes of action are in the nature of a complaint "asserting improper processing of a claim for benefits under an ERISA-regulated plan" and this cause of action is clearly preempted by ERISA. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 55-56 (1987) ("all suits brought by beneficiaries asserting improper processing of claims under ERISA-regulated plans [will] be treated as federal questions governed by [ERISA's civil enforcement mechanisms].") ERISA regulates employee benefit plans that "through the purchase of insurance or otherwise," provide medical, surgical, or hospital care, or benefits in the event of sickness, accident, disability, or death." Pilot Life Ins. Co., 481 U.S. at 44. It matters not that Plaintiff has raised claims in the alternative. Because complete preemption exists, alternative claims under state law must be dismissed. Menchaca v. CNA Group Life Assurance Co., 331 F. App'x 298 (5th Cir. 2009) (copy attached). Accordingly, all of Plaintiff's state law causes of action in the Complaint are clearly preempted by ERISA, and this Motion to Partially Dismiss should be granted.

### C. COMPENSATORY, STATUTORY EXEMPLARY, AND PENALTY DAMAGES ARE NOT AVAILABLE IN THIS ACTION

It is black-letter law that Congress did not provide for statutory or punitive damages under ERISA. Mertens v. Hewitt Associates, 508 U.S. 248 (1993); Massachusetts Mutual Life Ins. Co. v. Russell, 473 U.S. 134 (1985); Rogers v. Hartford Life & Accident Ins. Co., 167 F.3d 933, 944 (5th Cir. 1999); Weir v. Federal Asset Disposition Assn.', 123 F.3d 281, 290 (5th Cir. 1997); *see* Godfrey v. BellSouth Telecommunications, 89 F.3d 755, 761 (11th Cir. 1996) ("a plan beneficiary can sue to enforce her rights under the plan and under ERISA, and for equitable relief, but not for punitive or compensatory damages"). As these cases establish, Plaintiff is not

entitled to any form of compensatory, statutory, exemplary, penalty or other extra-contractual monetary relief over and above the recovery of any benefits that may be due under her ERISA-controlled plan. Accordingly, to the extent that Plaintiff's state law claims assert such relief, the Court should strike any request for such relief, with prejudice.

## III.
## CONCLUSION

Defendant requests the Court dismiss the state law breach of contract and violations of Texas insurance code causes of action (paragraphs 15-18 and 30) in Plaintiff's First Amended Complaint against it with prejudice, dismiss any claim for statutory and punitive damages, and grant Defendant any other relief to which it shows itself justly entitled.

Dated this 13th day of August 2020.

Respectfully submitted,

By: /s/ Iwana Rademaekers

Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
S.D. of Texas No. 22781
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
PH: (214) 579-9319
FX: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Patrick M. Primavera
Email: Pat@PGLawGroup.com

August 13, 2020
Date

/s/ Iwana Rademaekers
Iwana Rademaekers