United States District Court
Southern District of Texas
**ENTERED**
September 15, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HEIDI BALLARD, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-cv-2530 |
| | § | |
| LINCOLN LIFE ASSURANCE | § | |
| COMPANY OF BOSTON, | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Before the Court is Lincoln Life Assurance Company of Boston's ("Defendant's") Motion to Partially Dismiss Plaintiff's First Amended Complaint ("Motion") [Doc. # 8].  Plaintiff Heidi Ballard ("Plaintiff") has not filed a response to Defendant's Motion, and the time for her to do so has elapsed.[1]  When a plaintiff fails to respond to a defendant's motion to dismiss, the Court must nevertheless assess the legal sufficiency of the complaint.  *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012).

Based on the briefing, pertinent matters of record, and relevant legal authorities, the Court **grants** Defendant's Motion.

---

[1]  Failure to respond to a motion is taken as a representation of no opposition. S.D. TEX. R. 7.3, 7.4.

## I.   BACKGROUND

The following factual summary is based on the allegations in Plaintiff's First Amended Complaint [Doc. # 5].  Plaintiff is the sole beneficiary of a life insurance policy issued by Defendant (the "Policy") covering Plaintiff's late husband (the "Insured").[2]  The Policy was issued pursuant to a plan established by the Insured's employer for the benefit of its employees and their beneficiaries.[3]

On September 22, 2018, the Insured was riding in the rear passenger seat of a golf cart.[4]  The owner and operator of the golf cart made an unannounced acceleration and/or turn which caused the Insured to be ejected from the cart and suffer a fatal head injury.[5]

The Policy contained an accidental death benefits provision, and was in full force and effect at the time of the Insured's death.[6]  The Insured's Death Certificate

---

[2]   Plaintiff's First Amended Complaint [Doc. # 5] ("FAC") ¶ 1, 5-6.

[3]   *Id.* ¶ 20.

[4]   *Id.* ¶ 8.

[5]   *Id.*

[6]   *Id.* ¶ 7.

lists his death as accidental.[7] Eyewitnesses confirmed that the accident was caused by the operator of the golf cart, not by the Insured.[8]

Plaintiff submitted a timely claim for benefits under the Policy's accidental death benefits provision.[9] On March 19, 2019, Defendant denied Plaintiff's claim, taking the position that the Insured's death "was caused or contributed to by the presence of alcohol which contributed to the cause of the accident."[10] Plaintiff appealed the denial of her claim, but Defendant maintained that the Insured's intoxication caused or contributed to the accident that caused his death.[11] As a result, Defendant argued, Plaintiff's claim was subject to an exclusion in the Policy excluding claims involving "[t]he presence of alcohol in the Covered Person's blood which raises a Presumption that the Covered Person was under the influence of alcohol and contributed to the cause of the accident."[12]

---

[7]    *Id.* ¶ 10.

[8]    *Id.* ¶¶ 13-14.

[9]    *Id.* ¶ 11.

[10]   *Id.* ¶ 12.

[11]   *Id.* ¶ 14.

[12]   *Id.* ¶ 13.

Plaintiff filed suit in the 284th District Court of Montgomery County, Texas on June 25, 2020.[13] Plaintiff brought claims for violations of the Texas Insurance Code and breach of contract.[14] On July 17, 2020, Defendant removed the case to federal court on the basis of federal question jurisdiction under 28 U.S.C. § 1331.[15] On July 24, 2020, Defendant moved to dismiss Plaintiff's Complaint, arguing that the Employees Retirement Income Security Act ("ERISA") preempted Plaintiff's state law claims.[16] On July 30, 2020, Plaintiff filed a First Amended Complaint adding a claim for violations of ERISA in addition to her claims for violation of Sections 541.060(a)(2)(A) and 541.060(a)(7) of the Texas Insurance Code and breach of contract.[17] Defendant now moves to dismiss Plaintiff's state law claims pursuant to Federal Rule of Civil Procedure 12(b)(6).[18]

---

[13] Plaintiff's Original Petition and Requests for Disclosure [Doc. # 1-3].

[14] *Id.*

[15] Notice of Removal [Doc. # 1].

[16] Defendant's Motion to Dismiss Plaintiff's Original Petition and Brief in Support [Doc. # 4]. Defendant's Motion to Dismiss Plaintiff's Original Complaint is mooted by Plaintiff's filing of a First Amended Complaint.

[17] *See* FAC.

[18] Motion to Partially Dismiss Plaintiff's First Amended Complaint [Doc. # 8] ("Motion").

## II. <u>LEGAL STANDARD</u>

A motion to dismiss under Rule 12(b)(6) is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563 F.3d at 147. The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012).

When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679. Rule 8 "generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

## III.    DISCUSSION

Defendant argues that Plaintiff's state law claims for violation of the Texas Insurance Code and breach of contract are preempted by ERISA. ERISA regulates "any plan. . . established or maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of . . . death . . . ." 29 U.S.C. § 1002(1). It is evident from the allegations in Plaintiff's First Amended Complaint that the Policy was issued as part of an ERISA plan.[19]

ERISA preempts state laws "insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Accordingly, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004). However, ERISA has a savings clause excepting from preemption any state laws "which regulate insurance, banking, or securities." 29

---

[19]    *See* FAC ¶ 20 (alleging that the Policy was issued pursuant to a group life insurance plan provided by the Insured's employer for the benefit of Plaintiff); *see also Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 241 (5th Cir. 1990) (the "bare purchase" of group insurance by an employer for the benefit of its employees or beneficiaries is sufficient to establish a benefit plan subject to ERISA).

6

U.S.C. § 1144(b)(2)(A).  In *Kentucky Association of Health Plans v. Miller*, 538 U.S. 329 (2003):

> [T]he Supreme Court simplified the test for ERISA conflict preemption. . . . After *Miller*, for a state law to be deemed a 'law . . . which regulates insurance' under Section 1144(b)(2)(A) and thus be exempt from traditional ERISA preemption, such law must (1) be directed toward entities engaged in insurance, and (2) substantially affect the risk pooling arrangement between the insurer and the insured.

*Ellis v. Liberty Life Assurance Co.*, 394 F.3d 262, 275-76 (5th Cir. 2004) (citing *Miller*, 538 U.S. at 341-42); *see also Benefit Recovery, Inc. v. Donelon*, 521 F.3d 326, 330 (5th Cir. 2008) (same).  Plaintiff's state law claims all fail to meet the second prong of the *Miller* test.

Plaintiff asserts claims for breach of Sections 541.060(a)(2)(A) and 541.060(a)(7) of the Texas Insurance Code.  Section 541.060(a)(2)(A) prohibits an insurer from "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of . . . a claim with respect to which the insurer's liability has become reasonably clear."  Section 541.060(a)(7) prohibits an insurer from "refusing to pay a claim without conducting a reasonable investigation with respect to the claim."

These statutes do not "substantially affect the risk pooling arrangement between the insurer and the insured," *Ellis*, 394 F.3d at 276, but provide for causes of action for "improper processing of a claim for benefits under an ERISA-regulated plan," and are preempted by ERISA's civil enforcement remedies.  *Pilot Life Ins.*

7

*Co. v. Dedeaux*, 481 U.S. 41, 55-56 (1987); *Menchaca v. CNA Group Life Assurance Co.*, 331 F. App'x 298, 304 (5th Cir. 2009) (finding that claims for violations of Texas Insurance Code §§ 21.21 and 21.55, codified at Sections 541.060(a)(2)(A) and 541.060(a)(7), were preempted by ERISA); *Brown v. Aetna Life Ins. Co.*, No. 4:16–CV–455, 2017 WL 635565, at *2 (S.D. Tex. Feb. 16, 2017) (Harmon, J.) (finding claims for violation of Section 541.060 of the Texas Insurance Code were preempted by ERISA); *Cardona v Life Ins. Co. of N. Am.*, No. 3:09-CV-0833-D, 2009 WL 3199217, at *9 (N.D. Tex. Oct. 7, 2009) (finding claims for violation of Texas Insurance Code § 541.060 were preempted by ERISA). Accordingly, Plaintiff's claims for violation of Texas Insurance Code Sections 541.060(a)(2)(A) and 541.060(a)(7) do not fall within ERISA's savings clause and are preempted.

Plaintiff's claim for breach of contract is also preempted by ERISA because it is not based on a state law that "substantially affect[s] the risk pooling arrangement between the insurer and the insured."[20] *Ellis*, 394 F.3d at 276; *see Pilot Life Ins. Co.*, 481 U.S. at 47-48 (finding breach of contract cause of action preempted by ERISA); *Brown*, 2017 WL 635565 at *2 (same).

---

[20] Because the Court finds that Plaintiff's state law claims fail the second prong of the *Miller* test, the Court does not reach the question of whether Texas Insurance Code Section 541.060 and Texas breach of contract common law are laws "directed toward entities engaged in insurance." *Ellis*, 394 F.3d at 275-76.

8

The fact that Plaintiff has pled her state law causes of action in the alternative does not change this conclusion. *Menchaca*, 331 F. App'x at 304 (finding that plaintiff's argument "that his state-law claims are pled in the alternative pursuant to Federal Rule of Civil Procedure 8 and thus not subject to preemption" had "no merit."). "Whether [a plaintiff] refers to his [state law claims] as an 'alternate theory of recovery' or a 'concurrent state-law cause of action' has no effect on ERISA's preemption of those claims." *Id.* Therefore, the state law claims in Plaintiff's First Amended Complaint are preempted and must be dismissed.[21]

## IV.   CONCLUSION

The plan under which the Policy and Plaintiff's claims originate is an ERISA Plan. Plaintiff's claims for violation of Sections 541.060(a)(2)(A) and 541.060(a)(7) of the Texas Insurance Code and breach of contract are not exempt from ERISA's savings clause and are preempted. It is therefore

**ORDERED** that Defendant's Motion to Partially Dismiss Plaintiff's First Amended Complaint [Doc. # 8] is **GRANTED**. It is therefore

---

[21]   Defendant also moves to strike from Plaintiff's First Amended Complaint any request for compensatory, statutory, exemplary, penalty or other extra-contractual monetary relief associated with her state law claims beyond what may be due under ERISA. *See* Motion at 4-5. Because the Court dismisses Plaintiff's state law claims in their entirety, the Court does not reach Defendant's motion to strike certain requests for damages associated with those claims.

**ORDERED** that Plaintiff's claims for violations of Texas Insurance Code Sections 541.060(a)(2)(A) and 541.060(a)(7) and breach of contract are **dismissed with prejudice**. It is further

**ORDERED** that Defendant's Motion to Dismiss Plaintiff's Original Petition [Doc. # 4] is **denied as moot**.

SIGNED at Houston, Texas, this 15th day of **September, 2020.**

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE